# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STANISLAW JAGLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 C 6691 |
| v. ) | |
| ) | Judge John W. Darrah |
| LASALLE BANK, JOY P. SHULRUFF, ) | |
| TOM H. LUETKEMEYER and ) | |
| HINSHAW & CULBERTSON LLP, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Stanislaw Jagla, filed suit, *pro se*, against Defendants, alleging fraud, tortious interference during litigation, violation of his constitutional right to justice, and conspiracy to violate federal law. Presently before the Court is Defendants' Amended Combined Motion to Dismiss and Jagla's Motion to Strike and Motion for Leave to File an Amended Complaint.

## BACKGROUND

The instant case is one of several *pro se* complaints filed by Jagla and specifically relates to Case No. 05 C 6460, another case filed by Jagla.[1] In 2005, Jagla filed suit against LaSalle Bank, Case No. 05 C 6460 (the "underlying suit"), alleging employment discrimination against LaSalle; Hinshaw & Culbertson, LLP; and Tom Luetkemeyer and James Vlahakis, both partners in Hinshaw, which represented LaSalle in the underlying suit. Joy P. Shulruff was in-house counsel for LaSalle in the underlying suit. During the underlying suit, Jagla filed multiple motions to compel, accusing LaSalle and the attorneys of providing false information, withholding correct information, and

---

[1]The Court takes judicial notice of matters of public record without converting the instant motion to dismiss to a motion for summary judgment. *See Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000).

committing a "fraud" on Jagla. The motions to compel were denied; and, on September 26, 2006, summary judgment was granted in LaSalle's favor. Jagla then filed a motion for sanctions, accusing LaSalle and its counsel of concealing information, providing false information, and otherwise attempting to defraud Jagla. The motion for sanctions was denied, with the court's noting "[t]hat the record shows that plaintiff's motion in this closed case conclusively lacks merit." Jagla also filed a motion to appeal *in forma pauperis* in the underlying suit, which was denied, with the court's finding that the appeal was not taken in good faith and rejecting plaintiff's "reckless" claims that LaSalle acted fraudulently or that the court had relied on false information.

Jagla then filed suit against Judge Suzanne B. Conlon, the presiding judge in the underlying suit, Case No. 06 C 5797. On October 30, 2006, the court denied Jagla's motion to proceed *in forma pauperis* in the lawsuit against Judge Conlon and dismissed the case with prejudice in light of Judge Conlon's absolute immunity from the suit. Jagla attempted to appeal this dismissal of this second lawsuit *in forma pauperis*. On November 26, 2006, the court denied Jagla's motion to proceed on appeal *in forma pauperis*, based on the "frivolous nature of the appeal."

On December 5, 2006, Jagla filed the instant suit, alleging that LaSalle and the counsel representing LaSalle in the underlying suit committed fraud, tortiously interfered with the litigation, violated his constitutional right to justice, and conspired to violate federal law during the underlying suit.

On December 20, 2006, the Seventh Circuit Court of Appeals entered an order denying Jagla's motion to proceed on appeal *in forma pauperis* and summarily affirmed Judge Conlon's grant of summary judgment in the underlying suit. Jagla then filed suit against the judicial panel of the Seventh Circuit Court of Appeals, Case No. 07 C 157, alleging judicial misconduct. On

2

January 16, 2007, the District Court dismissed Jagla's case against the Seventh Circuit judges based on the doctrine of judicial immunity. In March 2007, the Executive Committee for the United States District Court of Northern Illinois entered an Executive Committee Order restraining Jagla's ability to file, *pro se,* new civil cases in the District.

## ANALYSIS

In reviewing a motion to dismiss for lack of subject-matter jurisdiction, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the petitioner. *See Alicea-Hernandez v. The Catholic Bishop of Chicago,* 320 F.3d 698 (7th Cir. 2003); *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir. 1999). If the motion to dismiss is based on denials of the truth of the allegations, however, the court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir. 1979) (*Grafon*); *see also Capitol Leasing Co. v. Federal Deposit Insurance Corp.,* 999 F.2d 188, 191 (7th Cir. 1993); *Amoakowaa v. Reno,* 94 F. Supp. 2d 903, 905 (N.D. Ill. 2000). A litigant cannot rely on frivolous claims to establish jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.,* 315 F.3d 294, 300 (7th Cir. 2003) (*Williams*).

Here, Jagla alleges federal question jurisdiction. Federal question jurisdiction arises when a complaint establishes that federal law created the cause of action or that the litigant's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Williams,* 351 F.3d at 298. Jagla does not identify which, if any, of his claims establish federal question jurisdiction. Nor can one be identified from reading the pleadings. Instead, Jagla alleges state law claims of fraud and conspiracy and a non-recognizable claim for violation of his constitutional right

3

to justice. Even if this latter claim was an attempt to allege a violation of due process, the claim fails because the Fourteenth Amendment applies only to government action and does not affect purely private conduct, as alleged here. *See Anastasia v. Cosmopolitan Nat'l Bank*, 527 F.2d 150, 153 (7th Cir. 1975). In his response brief, Jagla argues that jurisdiction lies in this Court pursuant to Federal Rule of Civil Procedure 11(b)(2). Jagla's argument is meritless. Rule 11(b)(2) does not establish jurisdiction. Instead, Rule 11(b)(2) addresses parties' representations to the court. Jagla has failed to establish subject-matter jurisdiction.

Defendants raise multiple other grounds for dismissal. In light of this Court's lack of jurisdiction over the case, the Court will not address these other issues.

In response to Defendants' motion, Jagla filed a Motion to Strike and Motion for Leave to File an Amended Complaint. Jagla seeks to strike the references to Jagla's other legal proceedings. Jagla's Motion to Strike is denied. The Court may take judicial notice of matters of public record and may look beyond the complaint in determining if a plaintiff has established subject-matter jurisdiction. *See Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000); *Grafon*, 602 F.2d at 783.

Jagla also seeks leave to file an amended complaint. Jagla's Amended Complaint attempts to add another defendant, Brian Zemich, an employee of LaSalle Bank, alleging that Zemich committed perjury during Jagla's litigation against the bank. Jagla's Amended Complaint, even with the additional defendant and claim, fails to establish subject-matter jurisdiction. Accordingly,

Jagla's motion for leave to file an amended complaint is denied. *See NDK Corp. v. Local 1550 of United Food Commercial Workers Int'l Union*, 709 F.2d 491, 493 (7th Cir. 1983), *overruled on other grounds*, *International Bhd. of Elec. Workers, Local 481 v. Sign-Craft, Inc.*, 864 F.2d 499 (7th Cir. 1988) (leave to amend a complaint may be denied if it is clear that an amended complaint would be futile because of a lack of jurisdiction).

For the foregoing reasons, Defendants' Amended Combined Motion to Dismiss is granted. Plaintiff's Complaint is dismissed for lack of jurisdiction. Plaintiff's Motion to Strike and Motion for Leave to File an Amended Complaint are denied.

Dated: April 24, 2007

JOHN W. DARRAH
United States District Court Judge