

NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted October 31, 2007[*]
Decided November 7, 2007



Before

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

FILED
NOV 2 9 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

No. 07-2122

| | |
|---|---|
| STANISLAW JAGLA,<br>*Plaintiff-Appellant,*<br><br>v.<br><br>LASALLE BANK, et al.,<br>*Defendants-Appellees.* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division<br><br>No. 06 C 6691<br><br>John W. Darrah,<br>*Judge.* |

## ORDER

Stanislaw Jagla sued LaSalle Bank, the law firm Hinshaw & Culbertson LLP, and several individual attorneys representing the bank for alleged misconduct in an earlier employment-discrimination case. The district court dismissed for lack of subject-matter jurisdiction and Jagla appeals. We affirm.

This appeal, the most recent of many filed by Jagla, stems from his 2005 suit against LaSalle Bank for employment discrimination. In the underlying suit, Jagla

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

filed numerous motions to compel, accusing LaSalle Bank and its attorneys of providing false information, withholding correct information, and committing "fraud" on Jagla. Those motions were denied. Unsatisfied with that result, Jagla filed this lawsuit asserting that LaSalle Bank and its attorneys violated his "constitutional right to justice" and committed fraud, perjury, tortious interference, and conspiracy in the underlying lawsuit. The district court dismissed Jagla's new lawsuit, finding that Jagla failed to raise a federal question establishing subject-matter jurisdiction.

We review de novo the district court's dismissal for lack of subject-matter jurisdiction. See *Wisconsin v. Ho-Chuck Nation*, 463 F.3d 655, 659-60 (7th Cir. 2006). Federal question jurisdiction exists when a complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003) (citation omitted). Jagla argues that he can establish jurisdiction based on two federal questions, but both are so frivolous that they are insufficient to create jurisdiction. See *Hagans v. LaVine*, 415 U.S. 528, 536 (1974) (noting accepted rule that "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit") (citations and quotation marks omitted); *Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (recognizing rule that courts may dismiss a claim that "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous"); *In re African-American Slave Descendants Litig.*, 471 F.3d 754, 757 (7th Cir. 2006) (holding that frivolous claims under federal law cannot support federal jurisdiction).

Jagla first alleges that he can invoke federal jurisdiction under 28 U.S.C. § 1746 because LaSalle Bank and its attorneys allegedly committed perjury in violation of that statute. But § 1746 merely makes unsworn statements admissible if they are signed under penalty of perjury, and it does not establish a private right of action against individuals accused of committing perjury. See 28 U.S.C. § 1746; *Advantor Capital Corp. v. Yeary*, 136 F.3d 1259, 1263 (10th Cir. 1998) (holding that "in the absence of a statute to the contrary, an unsuccessful litigant who lost his case because of perjured testimony may not maintain a civil action against the person who committed perjury"). Jagla also argues that there is federal-question jurisdiction because the defendants violated his "constitutional right to justice." No constitutional provision explicitly establishes a right to justice, but even if we construe this claim as alleging a violation of due process, it is frivolous because the Fourteenth Amendment applies only to government action, not purely private conduct. See *Wade v. Byles*, 83 F.3d 902, 904 (7th Cir. 1996). All other claims raised by Jagla present state-law issues, and therefore the district court correctly

No. 07-2122 Page 3

concluded that the complaint should be dismissed for lack of subject-matter jurisdiction.

Jagla has filed several frivolous lawsuits in the district court and this marks his fourth frivolous appeal in this court. He is therefore ORDERED to show cause within 14 days from the date of this order why he should not face sanctions.

AFFIRMED.